J-S11022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY M. FLOOD | : | |
| | : | |
| Appellant | : | No. 1139 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 9, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007079-2019

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                **FILED:  May 11, 2022**

Appellant, Jeremy M. Flood, appeals from the judgment of sentence entered on April 9, 2021, as made final by the denial of Appellant's post-sentence motion on August 20, 2021.  We affirm.

The Commonwealth charged Appellant with a number of crimes, including driving under the influence ("DUI") of alcohol (general impairment) and DUI of a drug or combination of drugs.[1]  The trial court thoroughly summarized the underlying facts of this case:

> on May 17, 2019, Patrick Lucas, a police officer who was employed with [the] Avalon Police Department on that date, was dispatched to the 700 block of Hemlock Avenue due to a report of an "unknown disorderly male outside pounding on a door and making a lot of commotion."  Upon arrival, Officer Lucas was advised that the individual had left and struck a retaining wall as he was departing.  The damage to the retaining wall was observed by Officer Lucas.  Officer Lucas

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and (d)(2), respectively.

was provided with identifying information for this individual, and ultimately, he was located by the [Bellevue] Police Department on Birmingham Street.

Officer Lucas left Hemlock Avenue and proceeded to Birmingham Street where he encountered [Appellant]. Officer Lucas noted that [Appellant's] vehicle had damage to the paint and was dented. Officer Lucas testified that [Appellant] was in the driver seat of the vehicle and the vehicle was turned off. Officer Lucas approached [Appellant] to discuss the incident on Hemlock Avenue. [Appellant] stated that he went to visit his friend Keith, that he remembered hitting the retaining wall with his vehicle as he was leaving, but he did not think that there was any damage to the wall. Officer Lucas testified that during this conversation, [Appellant's] behavior was strange. Specifically, Officer Lucas testified that [Appellant] was unsteady as he sat, was speaking very quickly, had an atypical cadence and volume pattern to his voice, and kept looking around very quickly. At this point, based upon his training and experience, Officer Lucas believed [Appellant] to be under the influence of alcohol and/or a controlled substance and asked him to step out of the vehicle.

Once [Appellant] had exited the vehicle, Officer Lucas detected an odor of alcohol and noticed that [Appellant] was "extremely unsteady on his feet." In addition to the inability to control the volume of his voice, [Appellant] was making quick deliberate movements and speaking over officers. Officer Lucas administered three [] standard field sobriety tests: the horizontal gaze nystagmus test; the walk and turn test; and the one leg stand test. [Appellant] exhibited clues of impairment on each test. Specifically, [Appellant] exhibited [four of six] clues on the horizontal gaze nystagmus test; [seven of eight] clues on the walk and turn test; and [four of four] clues on the one leg stand test. [Appellant] was asked to submit to a blood test, and he refused. . . .

During [Appellant's] transportation to Avalon Police Department, he was irritated and agitated. Officer Lucas testified that[,] . . . in addition to smelling alcohol, . . . [Appellant's] erratic behavior was similar to that of someone who was under the influence of a stimulant. . . .

- 2 -

After [Appellant] was taken into custody, a search was conducted of his vehicle. As a result of that search, police officers recovered an oxycodone five-milligram pill and an empty prescription bag for suboxone.

[Appellant] testified on his own behalf. [Appellant] admitted to operating his vehicle on May 17, 2019. [Appellant] testified that he suffers from [attention deficit hyperactivity disorder ("ADHD"), post-traumatic stress disorder ("PTSD"),] and other mental health conditions. [Appellant] testified that his behavior and response to the officers on May 17, 2019 was attributable to these conditions. Other than his testimony, which lacked credibility, [Appellant] did not present any evidence that any of these conditions would create an inability to successfully complete the field sobriety tests or mimic signs of impairment.

Trial Court Opinion, 10/29/21, at 3-5 (citations omitted).

Following a bench trial, the trial court found Appellant guilty of DUI (general impairment) and DUI of a drug or combination of drugs and, on April 9, 2021, the trial court sentenced Appellant to serve three to six days in jail and a term of six months of probation. The trial court denied Appellant's post-sentence motion on August 20, 2021 and Appellant filed a timely notice of appeal. Appellant raises the following claim on appeal:

Was the evidence insufficient as a matter of law to sustain the conviction of [DUI] under either 75 Pa.C.S.A. § 3802(a)(1) or (d)(2) insofar as the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] was under the influence of a drug or a combination of drugs, or after imbibing a sufficient amount of alcohol to a degree that impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle?

Appellant's Brief at 4.

Appellant claims that the evidence was insufficient to support his convictions. We review Appellant's sufficiency of the evidence challenge under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Callen*, 198 A.3d 1149, 1167 (Pa. Super. 2018) (citations and quotation marks omitted).

First, Appellant claims, the evidence was insufficient to support his DUI conviction under Section 3802(d)(2) because "no evidence was presented that[,] at the time of the stop, [Appellant] had recently ingested a controlled substance or any other drug." Appellant's Brief at 14. Appellant specifically observes that: "[n]o witnesses were presented [that Appellant] consume[d] drugs that night;" "[n]o blood was drawn and therefore, there was no medical

evidence that [Appellant] had consumed any drugs;" and, the arresting officer did not obtain a drug recognition expert ("DRE") evaluation as to whether Appellant was under the influence of a controlled substance. *Id.*

Appellant also claims that the evidence was insufficient to support his DUI conviction under 3802(a)(1), as: "[t]he arresting officer never observed [Appellant] driving;" "no alcohol was found in [Appellant's] car;" and, the arresting officer did not testify that Appellant's "eyes were glossy, that his speech was slurred, that he had a staggered or stumbling gait, or that he had difficulty standing." *Id.* at 17. Appellant's claims fail.

Appellant was convicted of violating 75 Pa.C.S.A. §§ 3802(a)(1) and (d)(2). These subsections declare:

> (a) General impairment.--(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.
>
> . . .
>
> (d) Controlled substances.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> . . .
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1) and (d)(2).

Regarding DUI (general impairment), this Court has previously explained:

> [T]he Commonwealth [must] prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol. With respect to the type, quantum, and quality of evidence required to prove a general impairment violation under Section 3802(a)(1), the Pennsylvania Supreme Court [has stated]:
>
>> Section 3802(a)(1) . . . is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving. . . . The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following:  the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two[-]hour time limit for measuring blood alcohol level does not apply.  Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving.  The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony.  Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol - not on a particular blood alcohol level.

*Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa. Super. 2013) (citations omitted).

In order to convict a defendant of DUI under Section 3802(d)(2), the Commonwealth must demonstrate "that [the defendant] was under the influence of a drug to a degree that impairs his or her ability to safely drive or operate a vehicle." *Commonwealth v. Williamson*, 962 A.2d 1200, 1204 (Pa. Super. 2008) (citations and quotation marks omitted). Section 3802(d)(2) "does not require proof of a specific amount of a drug in the driver's system. It requires only proof that the driver was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired." *Commonwealth v. Tarrach*, 42 A.3d 341, 345 (Pa. Super. 2012) (citations and quotation marks omitted). "[E]xpert testimony is not necessary to establish impairment [due to a controlled substance] under [Section] 3802(d)(2) where there exists other independent evidence of impairment." *Commonwealth v. Gause*, 164 A.3d 532, 538 (Pa. Super. 2017). A "lay witnesses may testify to someone's readily observable physical condition or appearance that does not require medical training." *Gause*, 164 A.3d at 538 (citations omitted).

As the trial court ably explained, the evidence in this case was sufficient to convict Appellant of DUI under both Section 3802(a)(1) and (d)(2):

> [Appellant] was observed to be in the driver seat of his vehicle. [Appellant] admitted to operating the vehicle and to hitting a retaining wall with his vehicle on that evening shortly before his encounter with Officer Lucas. Officer Lucas noted an odor of alcohol after [Appellant] exited his vehicle. During

the traffic stop, [Appellant's] behavior and speech patterns were consistent with someone who was under the influence of alcohol and controlled substances. [Specifically, Appellant:] was unstable both while seated in his vehicle and on his feet when he exited his vehicle[; "couldn't control the volume of his voice;" "was talking very, very quickly;" "wouldn't let the officers finish speaking;" "was looking around very quickly;" and, was making "quick deliberate movements."] Further, [Appellant] was unable to successfully complete any of the three standard field sobriety tests administered to him by Officer Lucas [and the officers discovered a five-milligram oxycodone pill and an empty prescription bag for suboxone in Appellant's vehicle]. Based upon the totality of the evidence presented at trial, the evidence was sufficient to support a conviction for [DUI] under 75 Pa.C.S.A. § 3802(a)(1) and 75 Pa.C.S.A. § 3802(d)(2).

Trial Court Opinion, 10/29/21, at 6.

We agree with the trial court's cogent analysis and conclude that Appellant's claims on appeal thus fail.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2022

- 8 -